## JOHN MATTINGLY v. F. L. SIMMS, ET AL.

**Attachment—Burden on Plaintiff.**

> The plaintiff in an attachment suit must show that he had a subsisting cause of action when he commenced it, either by showing that his debt was due and unpaid or by showing that the grounds of attachment, or some one of them, existed.

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 26, 1875.

OPINION BY JUDGE PETERS:

Sec. 259, Civ. Code, authorizes an attachment by a creditor against the property of his debtor before his claim is due, when either of the reasons therefor exist as therein specified; and if a suit is brought and an attachment sued out on a claim not due at the institution of the suit, it cannot be maintained unless the attachment is levied on the property of the debtor, and is sustained. And if that is not the case, it is not sufficient to amend the petition and allege that the debt is then due, and unpaid. The plaintiff must show that he had a subsisting cause of action when he commenced it, either by showing that his debt was due and unpaid, or by showing that the grounds, or some one of them, existed as provided in Sec. 259, Civ. Code.

In this case the debt was not due when the action was instituted; and although it appears from the officer's return that the attachment was levied on property of the defendants, it does not appear that it was sustained, and consequently the jurisdiction of the court is not shown. But if the plaintiff failed to sustain his attachment, his action should abate, and his right to bring another action be preserved. The judgment in this case is an absolute dismissal of the action, and is final; and it will operate as a bar to another action on the note, which is erroneous and prejudicial to appellant.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to dismiss the action without prejudice to another action on the note.

*W. M. Sweeney, for appellant. Ray & Walker, for appellees.*